UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
FEB 3 2006
U.S. BANKRUPTCY COURT
BY _____ DEPUTY

| | |
|---|---|
| IN RE: | CASE NO. 05-56485-IMC. |
| RICHARD WILLIS KING<br>*Debtor* | CHAPTER 7 |
| FACTAC, INC.<br>Plaintiff | |
| V. | ADVERSARY PROCEEDING<br>NO.: 05-5171-C |
| RICHARD WILLIS KING<br>Defendant | |

### DEFENDANT MOTION TO DISCHARGE RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE OPPOSING OBJECTION TO DISCHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Richard W. King (Debtor/Defendant), respondent respectfully files motion to Discharge in response to Plaintiff's Response to Defendants Response Opposing Objection to Discharge, charging this Court to determine their debt dischargeable, and shows the Court as follows:

1. In Plaintiff response, the Plaintiff states this court should look at the elements of collateral estoppel Under Texas law as follows:

    1.) The facts sought to be litigated in the second action were fully and fairly litigated In the prior action;

    2.) Those facts were essential to the judgment in the first action; and

    3.) The parties were cast as adversaries in the first action.

2. In DEFENDANT RESPONSE OPPOSING PLAINTIFF OBJECTION TO DISCHARGE, which complies with *Federal Rules of Civil Procedure Rule 9*, filed on January 12, 2006 Defendant/Debtor provided Background facts sub-section IV titled Background facts in defense and answer as to the above questions at Hand. Defendant/Debtor stating the material facts were undisputed; and as follows:

    1) The facts sought to be litigated were not litigated in the prior action. See "DEFENDANT RESPONSE OPPOSING PLAINTIFF OBJECTION TO DISCHARGE," Subsection IV, page 2, Background facts (I-xii)

2) These facts are essential to the judgment in the first action; and

3) Defendant contesting to whether the parties were adversaries in the prior case.

3. Plaintiff evoking the doctrine of collateral estoppel is inapplicable, and is not preclusive, as:

(a) issues are not identical in the two proceedings,

(b) issues were not litigated in prior proceedings,

(c) issues were not determine in prior proceedings.

4. PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE OPPOSING OBJECTION TO DISCHARGE, filed on January 26, 2006 is clearly argumentative, and does not answer to the Defendant's Opposition to there dischargeability. Plaintiff was given facts in this case that were not litigated in the prior case stated in DEFENDANT RESPONSE OPPOSING OBJECTION TO DISCHARGE, filed January 12, 2006, which was Defendant Answer to Plaintiff's OBJECTION TO DISCHARGE, filed on December 14, 2005, Charging this court to determine whether their debt is dischargeable.

5. Plaintiff did not prove their debt to be Non-dischargeable. Plaintiff is pleading matters of the laws of this State, but on the other hand, has attempted to evade the matters of the Laws of this State in my defense.

**WHEREFORE, PREMISES CONSIDERED**, Richard W. King (Debtor/Defendant) respondent respectfully request in the interest of justice, Factac's Debt be discharged, pursuant to 28 U.S.C. 1334, which this Court has exclusive jurisdiction.

Respectfully Submitted,

Richard W. King
*Debtor/Defendant*

Richard Willis King
13722 Hunters Mess
San Antonio, TX 78230
210-316-0088

## CERTIFICATE OF SERVICE

This is certify that on the _____ day of February 2006 a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to:


Attorney Glenn Deadman,
c/o Factac
509 S. Main Ave.
San Antonio, TX. 78204

Attorney General Office
115 E. Travis Street, Ste. 925
San Antonio, TX. 78205

Office of Consumer Credit Commissioner
2601 N. Lamar Blvd.
Austin, TX. 78705